IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02055-BNB

KEVIN PATRICK JONES, #95866,

    Plaintiff,

v.

ARISTEDES W. ZAVAR[A]S, Director Colorado Department of Corrections,
FOSTER, Associate Director, Colorado Department of Corrections,
WARDEN DICK SMELSER, Crowley County Correctional Facility,
ALBERT MARTINEZ, Crowley County Correctional Facility,
TIANNA LUCERO, Crowley County Correctional Facility,
BRIDGETTE BLAUSER, Crowley County Correctional Facility,
WARDEN SUSAN JONES, Colorado State Pennitentary [sic],
WARDEN KEVIN MALLARD, Sterling Correctional Facility,
All Above Mentioned Parties are Sued in Their Individual and Official Capacities,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kevin Patrick Jones, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC"). Mr. Jones initiated this action by filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on August 16, 2010. He filed a Complaint on August 25, 2010 asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Mr. Jones has been granted leave to proceed *in forma pauperis*.

The Court will construe the Complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Jones therefore will be directed to file an amended complaint for the reasons discussed below.

Mr. Jones challenges his placement in administrative segregation at the Cowley County Correctional Facility (CCC) on September 23, 2009, following a disciplinary conviction, as a violation of his due process rights under the Fourteenth Amendment. He also challenges his placement in administrative segregation upon his subsequent transfers to the Colorado State Penitentiary (CSP) and to the Sterling Correctional Facility (Sterling). Plaintiff asserts that CSP and Sterling did not provide a meaningful review of his classification before placing him in administrative segregation. Plaintiff further claims that his administrative segregation at CSP violated his Fourteenth Amendment equal protection rights, and that he was denied psychiatric care while in administrative segregation at all three CDOC facilities, in violation of the Eighth Amendment.

Mr. Jones fails to allege specific facts to establish that any of the named Defendants personally participated in the alleged deprivation of his Eighth Amendment rights. In order to state a claim in federal court, Mr. Jones "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Jones is advised that personal participation by the named defendants is an

essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Jones must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Similarly, Mr. Jones has named Aristedes Zavaras, the CDOC Executive Director, as a Defendant, but fails to state facts to demonstrate that Defendant Zavaras personally participated in an alleged constitutional deprivation. Defendant Zavaras may not be held liable merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Mr. Jones states that he sued Defendant Zavaras in Crowley County District Court Case No. 09CV067, a Colo. R. Civ. P. 106.5 action, in November 2009, seeking

3

judicial review of his prison disciplinary conviction and placement in administrative segregation. Compl., Attachment, Cause of Action, at 2; *see also See* Doc. No. 11. Mr. Jones alleges that Defendant Zavaras filed a motion in the state court action in January 2010 to hold a new administrative segregation review hearing, that the state court granted the motion in March 2010, and that a new hearing was held on June 21, 2010, at Sterling. Compl., Attachment, Cause of Action, at 3, 4, and 9. On June 21, 2010, Mr. Jones was released from administrative segregation and his disciplinary conviction was expunged the following day. *Id.* at 11. These allegations are insufficient to show that Defendant Zavaras personally participated in a violation of Plaintiff's constitutional rights.

Finally, Mr. Jones purports to assert three constitutional violations in a single claim for relief in his Complaint. Mr. Jones is directed to set forth his claims in separate claims for relief in the amended complaint, and to allege specific facts that support each claim. ***See Nasious***; ***Bennett***. Accordingly, it is

ORDERED that Plaintiff, Kevin Patrick Jones, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Jones, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Jones fails to file an amended complaint that

4

complies with this order within the time allowed, the Court will dismiss Plaintiff's claims against Defendant Zavaras, as well as the Eighth Amendment claim, for the reasons discussed in this Order.

DATED October 19, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02055-BNB

Kevin Patrick Jones
Prisoner No. 95866
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/14/10

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk