IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02055-BNB

KEVIN PATRICK JONES, #95866,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Colorado Department of Corrections,
FOSTER, Colorado Department of Corrections,
DICK SMELSER, Crowley County Correctional Facility,
KEVIN MILYARD, Colorado Department of Corrections,
DAVID NAVARETTE, Colorado Department of Corrections,
ALBERT MARTINEZ, Crowley County Correctional Facility,
TIANNA LUCERO, Crowley County Correctional Facility,
BRIDGETTE BLAUSER, Crowley County Correctional Facility,
SANCHEZ, Crowley County Correctional Facility,
THREE UNKNOWN ADMINISTRATIVE SEGREGATION HEARING REVIEW
    COMMITTEE MEMBERS, Sterling Correctional Facility,
DOCTOR ASTAFAN, Crowley County Correctional Facility C.C.A. "Mental Health,"
DAN PLAGGE, Crowley County Correctional Facility C.C.A. "Mental Health,"
JOHN DOE, Colorado State Pennitentary [sic], C.D.O.C. "Mental Health Unit,"
DOCTOR WILSON, Sterling Correctional Facility, C.D.O.C. "Mental Health Unit," and
HUNTER, Sterling Correctional Facility, C.D.O.C. "Mental Health Unit,"
All Above Mentioned Parties are Sued in Their Individual and Official Capacities,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Kevin Patrick Jones, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC"). He is incarcerated currently at the Sterling Correctional Facility in Sterling Colorado. Mr. Jones filed a Complaint asserting a cause of action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 for alleged violations of his

constitutional rights. He filed an Amended Complaint on November 9, 2010, along with two additional "Amendments" on November 15, 2010 [Doc Nos. 18 and 19].

The Court will construe the Amended Complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Jones has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In the Amended Complaint, Mr. Jones challenges his placement in administrative segregation (ad-seg) at the Cowley County Correctional Facility (CCCF) on September 23, 2009, as a violation of his Fourteenth Amendment due process rights. Plaintiff claims that the administrative hearing did not comport with procedural due process requirements and that his confinement in ad-seg for 270 days imposed an atypical and

significant hardship on him. After his administrative appeal was denied, Plaintiff sought judicial review of his ad-seg hearing in the Crowley County District Court, pursuant to Colo. R. Civ. P. 106.5. The state court granted the CDOC defendants' motion to remand the case for a new ad-seg hearing at CCCF because the evidence relied on by the hearing officer had been destroyed inadvertently. Amended Compl., Ex. 4. While awaiting a new ad-seg hearing, Mr. Jones was transferred to the to the Colorado State Penitentiary (CSP) and then to the Sterling Correctional Facility (SCF). Mr. Jones asserts that his constitutionally infirm ad-seg placement continued at each facility without meaningful review of his classification. On June 22, 2010, the CDOC issued an expungement order to Mr. Jones which expunged from all CDOC records his status of administrative segregation for the period September 23, 2009, through June 21, 2010. Amended Compl., Ex. 7. The state court thereafter dismissed the Rule 106.5 proceeding as moot. See Doc. No. 11.

Mr. Jones further alleges in the Amended Complaint that Michael Knox, a CDOC inmate who was placed in ad-seg with him at CCCF at the same administrative hearing for the same reasons, was removed from ad-seg in April 2010 by CSP Warden Susan Jones pending the new hearing while Plaintiff was forced to remain in ad-seg. Amended Compl., at 4, ¶ 24. Mr. Jones asserts that this disparate treatment violated his Fourteenth Amendment equal protection rights and that Defendant Foster, the CDOC associate director in charge of the private prison monitoring unit, "had first-hand knowledge of the plaintiff's and Knox's placement, retention and release in this ordeal."

*Id.* at ¶¶ 25-26. Mr. Jones also claims that he was denied psychiatric care while in administrative segregation, in violation of the Eighth Amendment.

Mr. Jones has failed to allege facts to show that Defendant Zavaras, the CDOC Executive Director, personally participated in a deprivation of his constitutional rights. Mr. Jones was warned by the court in the Order Directing Plaintiff to File an Amended Complaint entered October 18, 2010, that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Jones must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Mr. Jones was further advised that a supervisor, such as Mr. Zavaras, may not be held liable merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Mr. Zavaras cannot be held liable under 42 U.S.C. § 1983 simply because he was named as a defendant in the state judicial review proceeding. Pursuant to Colo. R. Civ. P. 106.5(b), the Executive Director of the CDOC and the Warden of the facility shall be named as the defendants. However, Mr. Zavaras's status as a defendant in the state lawsuit does not by itself demonstrate that he knew about and acquiesced in a violation of Mr. Jones' constitutional rights. Plaintiff does not allege any facts in his Amended Complaint or his November 15 "Amendments" to show that Mr. Zavaras was personally involved in decisions pertaining to Plaintiff's ad-seg placement or his continuation in ad-seg pending a new administrative hearing. Accordingly, Defendant Aristedes Zavaras is an improper party to the action and will be dismissed

Defendant Foster, the CDOC associate director, will also be dismissed. Plaintiff asserts that Defendant Foster violated his equal protection rights by treating him differently than inmate Michael Knox, who was placed in ad-seg at the same administrative hearing in September 2009, but was released from ad-seg in February 2010 by the CSP warden, with Foster's approval. The Fourteenth Amendment Equal Protection Clause requires the government to treat similarly-situated individuals alike. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). In this case, however, Plaintiff's claim is foreclosed by the Tenth Circuit's decision in *Fogle v. Pierson,* 435 F.3d 1252, 1261 (10th Cir. 2006). In *Fogle*, the circuit court upheld the dismissal of the prisoner's equal protection claim challenging his three-year placement in administrative

segregation as legally frivolous based on the following reasoning:

> We assume that the prison has the same discretion in determining the length of segregation as they do in determining the initial placement in segregation. Given this, it is not plausible that "there are no relevant differences between [Fogle] and other inmates that reasonably might account for their different treatment." *Templeman* [v. *Gunter*], 16 F.3d [367] at 371 [(10th Cir. 1994)]. As a result, Fogle cannot establish that he was treated differently than "similarly situated" inmates.

435 F.3d at 1261. Accordingly, Plaintiff's Fourteenth Amendment equal protection claim, which is asserted against Defendant Foster, is dismissed. Moreover, Mr. Jones does not allege any other facts to show that Defendant Foster personally participated in the alleged due process deprivations or denial of adequate psychiatric care. Plaintiff's allegation that Defendant Foster "upheld the ad-seg placement without any type of investigation" (Amended Compl., at ¶ 16), and that Foster is responsible for monitoring and supervising the activities at private contract prisons (*see* Doc. No. 19) are insufficient to show his personal involvement in a deprivation of Plaintiff's constitutional rights. Accordingly, Defendant Foster is an improper party to this action and will be dismissed.

Finally, Defendant Milyard, the SCF warden, will also be dismissed. Mr. Jones alleges that "Administrative head Warden Kevin Milyard . . . relied on the original administrative segregation incomplete record to justify the retention of the Plaintiff in ad-seg from January 27, 2010 throughout June 21, 2010," as demonstrated in Ex. 5 to the Amended Complaint. Amended Compl., at 4, ¶ 21. The Court has reviewed the "Administrative Segregation Hearing Review" documents attached as Ex. 5 to Plaintiff's

pleading, and it is not clear that Defendant Milyard's signature is on any of them. Moreover, the contents of the documents themselves do not state that Plaintiff was awaiting a new ad-seg hearing at CCCF or that evidence in support of Plaintiff's original ad-seg placement had been destroyed. Thus, the facts alleged by Plaintiff do not demonstrate that Defendant Milyard knew about an alleged deprivation of Plaintiff's due process rights and acquiesced in its continuance.

Furthermore, Mr. Jones does not allege facts to show that Defendant Milyard knew about the alleged deprivation of psychiatric care at SCF prior to June 2010. Instead, Plaintiff alleges that upon his release from ad-seg on June 21, 2010, he told Defendant Milyard that he had not received psychiatric treatment. Amended Compl., at 5, ¶ 11. Plaintiff further states that the following day he received psychiatric care and was prescribed medications for his post-traumatic stress disorder. *Id.* at ¶12. These allegations do not state an arguable Eighth Amendment claim against Defendant Milyard. See *Farmer v. Brennan*, 511 U.S. 825 (1994) (the Eighth Amendment is violated if prison officials act with deliberate indifference to an inmate's health or safety); *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Accordingly, Defendant Milyard is also an improper party to this action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Jones' claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendant Aristedes Zavaras, Defendant Foster, and Defendant Kevin Milyard are dismissed as parties to this action. Plaintiff has failed to allege facts to show that Defendants Zavaras, Foster, and Milyard personally participated in the alleged violations of Plaintiff's constitutional rights and has asserted facts against Defendants Foster and Milyard that do not support an arguable claim for relief. It is

FURTHER ORDERED that the Fourteenth Amendment equal protection claim is dismissed because the facts asserted by Plaintiff do not support an arguable claim for relief. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  28th  day of    December   , 2010.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02055-BNB

Kevin Patrick Jones
Prisoner No. 95866
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  12/28/10 

                                          GREGORY C. LANGHAM, CLERK

                                          By: _____
                                                         Deputy Clerk